IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. BLUE, III,

        Plaintiff,                        No. CIV S-05-1256 GEB EFB P

    vs.

N. GRANNIS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On January 16, 2007, defendant filed a motion for additional time to file a dispositive motion. In the September 26, 2006, amended schedule, this court established January 15, 2007, as the date by which dispositive motions must be filed. Therefore, the court construes defendant's motion as one to modify the schedule.

        A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In his motion filed January 16, 2007, the day *after* he should have filed a dispositive motion, defendant asserts that he could not timely file a dispositive motion because counsel has "pressing matters in other cases," including responding to discovery requests in one case,

preparing a motion for summary judgment in another case, and preparing for a January 17, 2007, trial in a third case. Motion at 1-2. However, counsel admits that the January 17 trial date was continued on January 3, 2007. Motion at 1. Defendant's motion neither cites the applicable standard nor attempts to relate that standard to defense counsel's busy schedule with an explanation of why that qualifies under the required showing. To obtain an extension of time beyond that set in a scheduling order, the moving party must explain what he has done to meet the deadline. Here, defendant asserts only that until January 3, 2007, their counsel was busy in three other cases, but since then has been busy in two other cases. This does not satisfy Rule 16(b).

Finally, counsel asserts that dispositive motions were to be filed by "January 16, 2006," when the amended schedule clearly identifies January 15, 2007, as the final date for dispositive motions. Apparently, defense counsel believed that the final date for such motions was January 16, 2007. Even assuming the motion was filed the day of the deadline, however, this court has no rule that automatically suspends the time to act once a party files a request for additional time. Merely submitting a request does not, itself, modify the due date. If, however, defendant knew what the filing date was and the error is a typographical oversight, he still have violated a court order. Regardless of the reason therefor, defendant disobeyed a court order by filing a request for additional time beyond the time to act. This order serves as an admonition that counsel must timely seek extensions or modifications and until such time as an order is entered granting any such modification, the parties must comply with the existing schedule. *See* L.R. 11-110.

Defendant has failed to make the showing required to modify the schedule and failed to comply with the September 26, 2006, scheduling order. Nevertheless, in the interest of managing its docket and possibly eliminating or narrowing issues for trial, the court hereby extends the time to file a dispositive motion.

////

////

Defendant shall have 15 days from the date this order is served to file a dispositive motion. The court does not intend to extend this time.

So ordered.

Dated: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE