IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. BLUE, III,

      Plaintiff,                    No. CIV S-05-1256 GEB EFB P

    vs.

N. GRANNIS, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the claim that defendant Scavetta was deliberately indifferent to his serious medical need, i.e., sleep apnea, by refusing to assign him to a cell without a cell-mate. Plaintiff moves to compel defendants to respond to interrogatories and requests for production of documents. Fed. R. Civ. P. 37(a)(2)(B). He also moves for a determination of the sufficiency to answers and objections to requests for admissions. Fed. R. Civ. P. 36(a).

      Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. *Id.* The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the

1

party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

A party may, without leave of court or written stipulation, serve upon any party no more than 25 written interrogatories. Fed. R. Civ. P. 33(a). Absent an order or stipulation extending time, the receiving party has 30 days to answer each interrogatory fully in writing under oath unless there is an objection, in which case the party must state the reason therefor and answer portions of the interrogatory to which no objection is made. Fed. R. Civ. P. 33(b).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b).

A party may serve upon any other party a written request for admission of the truth of matters within the scope of discovery relating to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Fed. R. Civ. P. 36(a). A matter is deemed admitted unless, within 30 days after service of a request, the party to whom the request is directed served upon the requesting party a written answer or objection addressed to the matter, signed by the party or the party's attorney. Fed. R. Civ. P. 36(a). A party must state reasons for objections. Fed. Civ. P. 36(a). A party not

admitting a matter must specifically deny it or explain in detail why the party cannot truthfully admit or deny the matter. Fed. R. Civ. P. 36(a).  A denial "shall fairly meet the substance of the requested admission," and if in good faith a party must qualify an answer or deny a matter in part, the party shall specify what is true and qualify or deny the remainder. Fed. R. Civ. P. 36(a). Lack of information or knowledge is not valid reason for failure to admit or deny unless the party also states that the party "has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed. R. Civ. P. 36(a). That a matter admitted would present a genuine issue for trial is not, without more, adequate objection to the request. Fed. R. Civ. P. 36(a). Subject to Rule 37(c), however, the party may deny the matter or set forth reasons why the party cannot admit or deny it.

A party who has requested admissions may move to determine the sufficiency of the answers or objections and unless the court determines an objection is justified, it shall order an answer be served. Fed. R. civ. P. 36(a). If an answer does not comply with the requirements of Rule 36, a court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a). In lieu of these orders, the court may determine that final disposition of the request be made at a pre-trial conference or at a designated time before trial. Fed. R. Civ. P. 36.

**A. Interrogatories**

Interrogatory Number 19

Plaintiff asks, "In the past 5 years, how many 602s have been filed against you by inmates claiming you violated their civil rights?" Defendant Scavetta objects that plaintiff seeks information outside the scope of discovery. Plaintiff does not explain how the number of grievances filed against defendant is reasonably calculated to lead to evidence admissible at trial. The objection is sustained. *See* Fed. R. Civ. P. 26(b)(1); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

Interrogatory Number 20

Plaintiff asks, "In the past 5 years how many civil rights complaints were filed against you in Federal or State Court?" Defendant again objects that plaintiff seeks information outside the scope of discovery. As with the previous interrogatory, plaintiff does not explain how the number of grievances filed against defendant is reasonably calculated to lead to evidence admissible at trial. The objection is sustained. *See* Fed. R. Civ. P. 26(b)(1); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

Interrogatory Number 21

Plaintiff asks, "If your response to Request for Admission Number 21, Set One, is anything other than an unequivocal admission, describe all DOCUMENTS that discuss, mention or explain the basis of your response." Defendant answers that this interrogatory is not applicable. As explained below, the court overrules defendant's objection to Admission Number 21, and defendant admits the matter. Since he admits the matter, this interrogatory is not applicable. Therefore, the objection is sustained.

Interrogatory Number 22

Plaintiff asks, "If your response to Request for Admission No. 22, Set One, is anything other than an unequivocal admission, describe all DOCUMENTS that discuss, mention or explain the basis of your response." Defendant responds that she objected to the request for admission. For reasons explained below, the court sustains the objection to request for admission Number 22. Therefore, defendant need not respond to this interrogatory. Defendant's objection is sustained.

**B. Request for Production of Documents**

Request Number 1

Plaintiff seeks "Any and all grievances, such as, but not limited to: "Inmate/Parolee Appeal 602's or civil rights Complaints within the past 5 years concerning the defendant's

4

violation of a prisoner's Civil Rights." Defendant objects on the ground that plaintiff seeks documents that are outside the scope of discovery. Plaintiff asserts that these documents contain information that would be admissible at trial. However, evidence of prior accusations against defendant do not bear on any material issue in this matter. Nor does it appear that the request is reasonably calculated to lead to admissible evidence. Therefore, the objection is sustained. *See* Fed. R. Civ. P. 26(b)(1); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

### Request Number 4

Plaintiff seeks "Any and all Court decisions entered against the defendant concerning civil Rights Violations of inmates/prisoners." Defendant objects that plaintiff seeks information outside the scope of discovery. As with evidence of prior accusations, evidence of the dispositions of lawsuits filed against defendant do not bear on any material issue in this matter. Plaintiff does not explain how the request is reasonably calculated to lead to admissible evidence. The objection is sustained. *See* Fed. R. Civ. P. 26(b)(1); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district courts have broad discretion to decide questions of relevance for purposes of discovery).

### Request Number 6

Plaintiff seeks, "Any and all documents the defendant received from the Dr. Lamb, Chief Psychiatrist, concerning the chrono he issued giving the plaintiff single cell status." Defendant Scavetta objects that the documents plaintiff seeks are in his medical files, to which plaintiff has access. Plaintiff's ability to obtain the documents from a different source is relevant only insofar as the burden to defendant in producing the documents is so great that plaintiff should have to obtain them himself. *See* Fed. R. Civ. P. 26(b)(2)(C)(I). However, defendant Scavetta asserts that she does not have possession, custody or control over plaintiff's central file because she no longer works at the institution where plaintiff is confined, and she does not recall whether she received documents from Dr. Lamb. Accordingly, the objection is overruled, but her answer is

1 adequate.

**C. Requests for Admissions**

Admission Number 2

Plaintiff seeks an admission that, "The document attached to the complaint as Exhibit "A" is an authentic copy of the Chrono issued by Dr. Lamb, Chief Psychiatrist, giving the plaintiff single cell status." In response, defendant Scavetta states that she does not know. Plaintiff asserts that this answer is incomplete and evasive. However, there is no suggestion that Scavetta is competent to authenticate a document ostensibly from plaintiff's prison file. *See* Fed. R. Ev. 901. The court finds that defendant's response is complete and straightforward. The objection is sustained.

Admission Number 3

Plaintiff asks, "Did the plaintiff present you with a copy of the chief Psychiatrist chrono, dated October 13, 2004, that gave plaintiff single cell status at the classification hearing held on November 4, 2004?" Defendant responds that she "has no recollection on which to admit or deny this request, and no documents in her possession custody or control which provide a basis to admit or deny this request." Plaintiff asserts that this answer is incomplete and evasive. The court finds that defendant adequately has explained that she does not remember and has no means of refreshing her recollection. Defendant's objection is sustained.

Admission Number 6

Plaintiff asks, "did you consult with any of the correctional officer's [sic] that work in building #2 concerning the complaints made by the plaintiff contained in Exhibit "B" before you denied the plaintiff his single cell status on November 4, 2004.[sic]" Defendant responds that she "has no recollection on which to admit or deny this request, and no documents in her possession custody or control which provide a basis to admit or deny this request." Again, plaintiff asserts that this answer is incomplete and evasive. As with the previous request, the court finds that defendant adequately has explained that she does not remember and has no means of refreshing

6

1  her recollection.  Defendant's objection is sustained.

2  <u>Admission Number 14</u>

3  Plaintiff asks whether "the medical condition of "Obstruction Sleep Apnea" is a serious
4  life-threatening condition."  Defendant objects on the ground that it calls for an expert medical
5  opinion that she is not qualified to give.  Plaintiff asserts that this answer is incomplete and
6  evasive.  The complaint alleges that defendant Scavetta was a corrections officer, not medical
7  staff.  There is no reason to believe that defendant Scavetta is qualified to render an opinion on
8  the seriousness of plaintiff's condition.  Defendant's objection is sustained.

9  <u>Admission Number 16</u>

10  Plaintiff asks, "On November 4, 2004, did you authorize the following for the plaintiff;
11  [sic] <u>Cell access as needed for C-PAP use.</u> [sic]"  Defendant responds that she "has no
12  recollection on which to admit or deny this request, and no documents in her custody or control
13  which provide a basis to admit or deny this request."  Plaintiff asserts that this answer is
14  incomplete and evasive.  The court simply cannot compel defendant to admit something she does
15  not recall.  Defendant's objection is sustained.

16  <u>Admission Number 18</u>

17  Plaintiff asks, "Have any other inmate/prisoners filed a "602" against you claiming civil
18  rights violations?"  Defendant objects that plaintiff seeks information outside the scope of
19  discovery.  Plaintiff asserts that this answer is incomplete and evasive.  The response, although
20  an objection to the request, is unambiguous and plaintiff does not explain what potentially useful
21  information he might obtain if defendant were to admit this fact.  Defendant's objection is
22  sustained.

23  <u>Admission Number 19</u>

24  Plaintiff asks, "Have any other inmate/prisoners filed any civil rights complaints against
25  you in federal court?"  Defendant objects that the information sought "is not reasonably
26  calculated to lead to the discovery of admissible evidence."  Plaintiff's ground for further

disclosure is the same.  The response is unambiguous and plaintiff does not explain what potentially useful information he might obtain if defendant were to admit this fact.  Defendant's objection is sustained.

Admission Number 20

Plaintiff asks, "Have any other inmate/prisoners file [sic] any complaints in state court against you.[sic]"  Defendant again objects that plaintiff seeks information that is outside the scope of discovery.  Plaintiff asserts that this answer is incomplete and evasive.  The response, an objection to the request, is unambiguous and plaintiff does not explain what potentially useful information he might obtain if defendant were to admit this fact.  Defendant's objection is sustained.

Admission Number 21

Plaintiff asks, "did the committee you chaired on November 4, 2004, have the authority to place the plaintiff in single cell status in accordance to the "Order" issued by Dr. Lamb, Chief Psychiatrist. [sic]"  Defendant objects that the request assumes the truth of disputed facts, i.e., "that the document issued by Dr. Lamb is an order with which Defendant is required to comply."  Scavetta then admits that the committee had the authority to grant single cell status.  While defendant's objection is not a ground for refusing to respond, the court need not decide the relevance of the admission at this point of the proceedings.   The objection is overruled.

Admission Number 22

Plaintiff asks, "Is a smoke filled environment hazardous to a person suffering from "Obstruction Sleep Apnea" and using a C-Pap breathing machine while sleeping.[sic]"  Defendant objects that this request calls for an expert medical opinion.  This objection is sustained.

Accordingly, it is ORDERED that:

1. Plaintiff's November 9, 2006, motion to compel is granted in part and denied in part;

////

8

2. Defendant's objections to interrogatories 19, 20 and 21 are sustained, and defendant need not respond to interrogatory 22;

3. Defendant's objections to plaintiff's request for production of documents, numbers 1, 4 and 6 are sustained;

4. Defendant's objections to plaintiff's request for admissions numbers 2, 3, 6, 14, 16, 18, 19, 20 and 22 are sustained; and

5. Defendant's objection to request for admission number 21 is overruled.

Dated:  September 21, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE