IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. BLUE, III,

   Plaintiff,     No. CIV S-05-1256 GEB EFB P

  vs.

N. GRANNIS, et al.,

   Defendants.   <u>ORDER</u>

_____/

  Plaintiff is a prisoner, without counsel, suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. On April 9 and 29, 2008, he submitted requests to modify the April 2, 2008, amended scheduling order which establishes May 2, 2008, as the date by which dispositive motions must be filed. Also pending is defendant Scavetta's May 2, 2008, motion for the same relief. For the reasons explained below, the court finds that although neither party makes the required showing, the schedule must be modified.

**I. Standards**

  A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he or she cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**II.    Plaintiff's Requests**

As noted, the amended schedule establishes May 2, 2008, as the date by which dispositive motions must be filed.  Plaintiff asserts that since the day before he received the amended schedule, the prison has been locked down.  Thus, his access to the law library is limited.  Plaintiff does not, however, explain what attempts he has made to complete a dispositive motion despite his limited time in the law library.  Without such an explanation, the court cannot find that he exercised diligence.  Plaintiff's request must therefore be denied.

The court also notes that there is no rule that automatically suspends the time for acting when a party seeks an extension of time or a modification of the schedule.  Plaintiff, however, has not filed a dispositive motion.  Thus, he has violated an order of this court.

**III.    Defendant's Request**

Similarly, defendant's motion also fails to meet the governing standard.  In support of the motion, defendant's counsel argues that he has been busy working on other cases since the date the court issued the amended schedule.  He also argues that he cannot file any pleading without submitting it to a supervisor for review, and the supervisors are too busy to review his work.  That counsel and his supervisors are busy on other matters does not demonstrate that counsel acted with diligence in this matter.  Counsel also asserts that he has completed all discovery necessary to file a dispositive motion, and merely requires another 45 days to prepare and file such a motion.  That discovery is completed is irrelevant to the determination of whether defendant exercised diligence in the last month.  Discovery closed on August 10, 2006.  *See* September 25, 2006, Scheduling Order.  Moreover, on September 21, 2007, the court resolved plaintiff's motion to compel discovery.  Thus, discovery had long since closed by the time the court issued the April 2, 2008, amended scheduling order.  Defendant has not shown that he has done anything in this case since the court issued the April 2, 2008, amended scheduling order.

Moreover, as explained above, this court has no rule that automatically suspends the time to act once a party files a request for additional time.  Merely submitting a request does not,

1 itself, modify the due date.  If, as represented, counsel has been extremely busy since the date of

2 the amended scheduling order a timely sought extension may well have been appropriate.

3 Presumably, counsel knew on or before May 2, 2008, that he did not anticipate compliance with

4 the amended scheduling order.  The court is not unsympathetic to the press of other business in

5 attending to a heavy caseload.  Under such circumstances an extension may well be warranted.

6 But the application offers no reason for failing to seek a modification of the amended schedule

7 before the date a dispositive motion should have been filed.

8 **IV.    Conclusion**

9        Although neither party has made the showing required to modify the April 2, 2008,

10 amended scheduling order, the court must nonetheless assure that a case does not proceed to trial

11 unnecessarily.  In the interest of managing its docket and possibly eliminating or narrowing

12 issues for trial, the court will extend the time to file a dispositive motion.

13       The parties have 20 days from the date of this order to file dispositive motions.  The court

14 does not intend to extend this time.

15       So ordered.

16 Dated:  May 28, 2008.

17                                   EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

3